TIM FOLEY PLUMBING SERVICE, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

National Labor Relations Board, Petitioner,

v.

Tim Foley Plumbing Service, Inc., Respondent.

Nos. 02–1231, 02–1271.

United States Court of Appeals, District of Columbia Circuit.

May 28, 2003.

Before: HENDERSON, RANDOLPH and GARLAND, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This cause was heard on the record from the National Labor Relations Board (Board) and on the briefs and arguments of counsel. It is

ORDERED that the petition for review be denied and the cross-application for enforcement be granted. Petitioner Tim Foley Plumbing Service, Inc. (TFPS or Company) argues that the Board erred in determining that TFPS violated sections 8(a)(1) and (3) of the National Labor Relations Act (NLRA or Act), 29 U.S.C. § 158(a)(1), (3), by refusing to consider for hire, and refusing to hire, six job applicants. The evidence before the Board, however, showed that all of the six applicants were experienced in the plumbing trade, the Company was hiring (within thirty days of receiving the six applications, it hired four temporary journeymen plumbers and at least three apprentices or helpers and within six months after the six

applied, it hired at least three permanent journeymen plumbers) and the applicants would have accepted employment if offered. Because substantial evidence supports the Board's conclusion, we uphold the Board on this matter. *Casino Ready Mix, Inc. v. NLRB*, 321 F.3d 1190, 1195 (D.C.Cir.2003).

TFPS additionally argues the Board erred in determining the statements made by Kenneth (Richey) Harper and company president, Tim Foley, violated section 8(a)(1) of the Act because their statements were not coercive. TFPS failed to properly raise before the Board the issue whether Harper's statements were coercive; accordingly, we lack jurisdiction to consider it. 29 U.S.C. § 160(e); *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665–66, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982). We also reject TFPS's contention that Foley's statement was merely a prediction in the event the upcoming election were to favor unionization. Substantial evidence supports the Board's conclusions to the contrary and we give deference to its expertise on this question. *Timsco Inc. v. NLRB*, 819 F.2d 1173, 1178 (D.C.Cir.1987) ("[T]he line between prediction and threat is a thin one, and in the field of labor relations that line is to be determined by context and the expertise of the Board."). We also reject TFPS's argument that Harper was not acting as its agent under the Act when he questioned employees as to their union sympathies and both promised benefits in the event of a "no" vote and threatened negative consequences, including the closure of the business, in the event of a "yes" vote. Substantial evidence in the record supports the Board's finding that Harper was clothed with apparent authority to speak for the Company. *Overnite Transp. Co. v. NLRB*, 140 F.3d 259, 265–66 (D.C.Cir.1998).

Finally, the Board did not err in concluding that Jeffrey Payne threatened employees with unspecified reprisals. Although the Company points to conflicting testimony, credibility determinations made by the administrative law judge, and adopted by the Board, are ordinarily not judicially second-guessed. *Stanford Hosp. & Clinics v. NLRB*, 325 F.3d 334, 337–38 (D.C.Cir.2003) ("Decisions regarding witness credibility and demeanor are entitled to great deference, as long as relevant factors are considered and the resolutions are explained."(internal quotations omitted)). We also uphold the Board's conclusion that Payne acted as a Company agent when he made his remarks. *Overnite Transp.*, 140 F.3d at 265–66.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.